

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William Calvin Montgomery
Chairman, Committee on Counties
House of Representatives
Austin, Texas

Dear Sir:               Opinion Number O-3497

Re: Does a county have authority
to issue bonds or warrants to
finance the construction of a
county agricultural building
or a building to house agri-
cultural and other agencies of
the county?

We acknowledge receipt of your opinion request of
recent date and quote from your letter as follows:

"Will you please give me your opinion
(a ruling) on the following proposition:

" 'As to whether or not a county has
authority to issue bonds or warrants to
finance the construction of a county agri-
cultural building or a building to house
agricultural and other agencies of the
county'".

In discussing the matter with you and Representative
Jewell Helpinstill we understand that this building will be
used to house the offices of the County Agent, Home Demonstra-
tion Agent, F.W.A. and A.A.A.

In order to issue valid bonds to pay for public im-
provements the Legislature must specifically provide there-
for. The mode outlined by the Legislature for the issuance
of bonds must be strictly followed. This proposition was

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

established by the case of Robertson v. Breedlove, 61 Tex. 316, and has been constantly recognized and followed. Stratton v. Commissioners' Court of Kinney Co., 137 S. W. 1170; Lasater v. Lopez, 217 S. W. 373; Adams v. McGill, 146 S. W. (2d) 332.

We have found no constitutional or statutory authority authorizing the issuance of bonds for the purpose of building a building to house the offices of the various agents named in your request. Therefore, it is our opinion that bonds cannot be issued for this purpose.

The restriction stated in the above proposition, however, does not prevent a county from entering into contracts for authorized public improvements and issuing non-negotiable interest-bearing warrants in payment therefor. Lasater v. Lopez, supra; Bridges v. City of Lampasas, 249 S. W. 1083; Adams v. McGill, supra.

The only provision in our statutes that we have been able to find that might possibly give the Commissioners' Court power to construct the type building you mention in your request is Section 7 of Article 2351, Vernon's Annotated Civil Statutes, which reads as follows:

"(Sec.7) shall provide and keep in repair courthouses, jails and all necessary public buildings."

However, this department has held in Opinion Number O-1952 (a copy of said opinion is enclosed herewith) that a building to house the local offices of the A.A.A. and the County Agent is not a necessary public building, within the meaning of Section 7 of Article 2351, and that the County Commissioners' Court has no constitutional or statutory authority to employ county funds for the erection of such a building.

Basing our conclusions upon the reasons set out in the enclosed opinion, we do not believe that the Commissioners' Court has authority to construct an agricultural build-



Honorable William Calvin Montgomery, page #3

ing to house the offices of the County Agent, Home Demonstration Agent, F.W.A. and A.A.A. It necessarily follows that the county does not have the authority to issue time warrants for such a purpose.

Trusting that this answers your question, we are

APPROVED MAY 23, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Claud O. Boothman
Assistant

COB-s
Encl.

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN